UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN W TAFOYA,

        Plaintiff,

   v.

SUSAN I BAUR et al.,

        Defendant.

CASE NO. C13-5708 BHS-JRC

ORDER TO FILE AN AMENDED COMPLAINT

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

    The Court has granted plaintiff in forma pauperis status and the Court has reviewed the proposed complaint (ECF No. 1). To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986)P; and (3) causation

*See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Plaintiff names Sheila Bamakanti, a public defender, as defendant. A defense attorney, even if they are assigned counsel, does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981). Ms. Bamakanti is not a proper defendant in this action.

Plaintiff names a former governor of the State of Washington, Christine Gregoire, as a defendant (ECF No. 1, proposed complaint). Plaintiff's proposed complaint is devoid of any facts showing what actions the former governor took or why she is a named defendant. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

In light of these defects the Court declines to order service of the proposed complaint. The Court orders that plaintiff file an amended complaint. The amended complaint will act as a complete substitute for the original and not as a supplement. The Court orders that plaintiff use

ORDER TO FILE AN AMENDED COMPLAINT - 2

1 | the Court's form for filing a civil rights action. The clerk's office is directed to send plaintiff a
2 | blank form.

3 |       The amended complaint will be due on or before October 4, 2013. Failure to file an
4 | amended complaint or to cure the defects in the original will result in a report and
5 | recommendation that this action be dismissed for failure to prosecute and failure to comply with
6 | a Court order.

7 |       Dated this 3rd day of September, 2013.

                          J. Richard Creatura
                          United States Magistrate Judge

ORDER TO FILE AN AMENDED COMPLAINT - 3